IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THE AUGUST JACKSON COMPANY          *
7475 Wisconsin Avenue, Suite 640
Bethesda, Maryland 20814,           *

                                    *       Civil Action No.:
                    Plaintiff,
                                    *
vs.
                                    *
MICHAEL MCDONALD
1132 North Linden                   *
Oak Park, Illinois 60302
                                    *
and
                                    *
KINDLE COMMUNICATIONS, LLC
224 North Des Plaines, Suite 600,   *
Chicago, Illinois 60661
                                    *
SERVE ON:
    Joseph A. Zarlengo, Agent       *
    300 South Wacker Drive, Suite 500
    Chicago, Illinois  60606        *

                    Defendants      *

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, SPECIFIC PERFORMANCE AND DAMAGES

Plaintiff The August Jackson Company, by its attorneys, hereby files this Complaint for Declaratory and Injunctive Relief, Specific Performance  and Damages against Defendants Michael McDonald and Kindle Communications, LLC, and states as follows.

3148440.1 35482/123852  04/04/2014

**PARTIES**

1.     Plaintiff The August Jackson Company ("August Jackson") is a Delaware corporation with its principal place of business at 7475 Wisconsin Avenue, Suite 640, Bethesda, Maryland 20814.

2.     August Jackson maintained its principal place of business in Washington, D.C. from April 2003 until April 2011.

3.     Defendant Michael McDonald is an individual who resides at 1132 Linden, Oak Park, Illinois 60302.

4.     Defendant Kindle Communications, LLC ("Kindle") is an Illinois limited liability company with its principal place of business at 224 North Des Plaines, Suite 600, Chicago, Illinois 60661.

**JURISDICTION AND VENUE**

5.     This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the action is between citizens of different states, i.e., a citizen of Delaware and Maryland (August Jackson) and citizens of Illinois (Defendants).

6.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b)(3) and/or the contracts and agreements at issue in this matter as is described more fully below.

**FACTS AND ALLEGATIONS**

7.     August Jackson is a Maryland-based national communications agency that designs and implements live, digital and virtual communications solutions and campaigns

- 2 -

for corporate clients across a wide spectrum of industries, including pharmaceutical and healthcare, finance, food and beverage, and real estate. In addition to its main office in Bethesda, Maryland, August Jackson maintains two offices in the Chicago metropolitan area, including one located within the city of Chicago.

8.      Companies hire August Jackson to help design, plan and conduct large corporate meetings and events.  August Jackson's services include the conception and design of event themes, design and production of live, digital and virtual platforms for meeting events, and production and implementation of the event itself.  August Jackson staffs each client engagement with a team of creative, production and account service employees.

9.      Kindle is a direct competitor of August Jackson and maintains its principal office in Chicago.

**A.      MCDONALD EXECUTED MULTIPLE, CONSISTENT RESTRICTIVE COVENANTS WHICH BECAME THE FOUNDATION OF THE ENTIRE RELATIONSHIP BETWEEN MCDONALD AND AUGUST JACKSON**

10.      On or about October 4, 2004, August Jackson hired McDonald to work in August Jackson's Chicago office.    At the time of his hire by August Jackson, McDonald was responsible for generating new business and helping August Jackson to establish its Chicago office.  Over the course of his employment with August Jackson, McDonald assumed various roles in the Chicago office, including acting as its Managing Director for a period of time.

11.      Throughout his entire employment at August Jackson, McDonald had access to all of August Jackson's confidential and proprietary information relating to its

- 3 -

client relationships, including but not limited to August Jackson's selection and targeting of prospective clients, August Jackson's proposals to prospective clients, August Jackson's client account information, and August Jackson's creative ideas and strategies. During this period, McDonald participated substantially in the development and presentation of many of August Jackson's proposals, or "pitches," to prospective clients.

12.     All confidential and proprietary information generated by McDonald while employed by August Jackson, and all business goodwill which McDonald generated during his employment with August Jackson's clients, belong to August Jackson.  This is true even if McDonald had some knowledge of or relationship with August Jackson's clients before his employment with August Jackson.

13.     In exchange for his employment and compensation, McDonald signed a 2004 Confidentiality and Non-Solicitation Agreement (the "2004 Agreement").  A copy of the 2004 Agreement, as amended, redacted to remove client names, is attached to this Complaint as Exhibit 1.  The 2004 Agreement contained restrictive covenants prohibiting McDonald from the following actions upon termination of his employment:

     a.    performing for a twelve (12) month period any services for an actual or prospective client of August Jackson at the time of McDonald's termination, or any actual or prospective client during the twelve (12) month period before termination;

     b.    directly or indirectly soliciting for a twelve (12) month period actual or prospective clients of August Jackson at the time of McDonald's termination, or any actual or prospective client during the twelve (12) month period before termination;

     c.    directly or indirectly soliciting or inducing any employee of August Jackson to cease employment with August Jackson or solicit for

- 4 -

employment or offer employment to any employee of August Jackson for a period of twelve (12) months after termination.

14.     The 2004 Agreement contained a carve-out from the restrictive covenants for clients initially developed through the sole and exclusive efforts of McDonald.  Under the 2004 Agreement, that carve-out expired by its terms after three years of employment with August Jackson.

15.     The 2004 Agreement also contained a confidentiality clause that prohibited the use or disclosure of any confidential information for any purpose following McDonald's termination.  The Agreement expressly defines "client lists" as confidential information.

16.      The 2004 Agreement also contained mandatory venue and choice of law provisions to govern disputes arising under the agreement:

> It is understood and agreed that the construction and interpretation of this Agreement shall at all times and in all respects be governed by the internal laws of the District of Columbia, without giving effect to conflict of law provisions thereof.  Venue of any action brought to enforce or relating to this Agreement shall be brought exclusively in the Superior Court for the District of Columbia, or the United States District Court for the District of Columbia.

17.     In April 2006, McDonald signed a new Confidentiality and Non-Solicitation Agreement (the "2006 Agreement"), which, by its terms, expressly superseded and replaced the 2004 Agreement.   A copy of the 2006 Agreement is attached to this Complaint as Exhibit 2.  The 2006 Agreement does not contain any carve-out from the restrictive covenants.

- 5 -

18.     The 2006 Agreement contained restrictive covenants that are substantially the same as the restrictive covenants contained in the 2004 Agreement.   The 2006 Agreement also contained choice of law and venue clauses requiring any disputes arising under the agreement to be governed by Washington, D.C. law and venued in the Superior Court for the District of Columbia, or the United States District Court for the District of Columbia.   Finally, the 2006 Agreement provides for the recovery of reasonable attorneys' fees incurred by August Jackson in enforcing its terms.

19.     On or about April 13, 2006, McDonald became a shareholder of August Jackson.

20.     On April 14, 2009, McDonald entered into a Shareholders' Agreement (the "Shareholders Agreement").   A copy of the Shareholders Agreement is attached to this Complaint as Exhibit 3.

21.     The Shareholders' Agreement contained restrictive covenants that are substantially the same as those contained in the 2006 Agreement.   The Shareholders Agreement expressly    provides that "any Confidentiality and Non-Solicitation Agreement…previously signed by McDonald shall survive and remain enforceable in accordance with its terms."   The Shareholders Agreement does not contain any carve-out from the restrictive covenants.

22.     The Shareholders Agreement also contained an arbitration clause that requires arbitration of any disputes arising out of the Shareholders Agreement, with the exception of actions seeking specific performance of the terms of the Shareholder

- 6 -

Agreement: "Except when this Agreement provides for the remedy of specific performance, any controversy or claim arising out of or relating to this Agreement or the breach thereof shall be settled by arbitration.

23.     On December 31, 2012, McDonald voluntarily sold his stock in August Jackson to August Jackson's majority shareholder, for a cash sale price of approximately three times the amount paid by McDonald for the stock in 2006.

24.     The restrictive covenants contained in the Shareholders Agreement survive McDonald's sale of his stock in August Jackson and continue in effect for the 12 month period after McDonald is no longer a stockholder, agent or employee of August Jackson.

25.     On or about November 14, 2013, McDonald gave August Jackson written notice that he was leaving his employment with August Jackson, effective November 19, 2014. Immediately thereafter, McDonald began working for Kindle as Executive Vice President with principally the same responsibilities that he had with August Jackson.

26.     McDonald is employed by Kindle on a full-time basis at a salary that is substantially higher than his last salary at August Jackson.

**B.     KINDLE INTENTIONALLY INDUCES MCDONALD TO BREACH THE RESTRICTIVE COVENANTS**

27.     McDonald was responsible primarily for generating new business and managing client relationships at August Jackson, as well as contributing to the creative effort required to serve clients. McDonald worked with a team of creative and production personnel in soliciting, bidding and performing work for August Jackson

3148440.1 35482/123852 04/04/2014

clients. Some of the clients with whom McDonald worked on behalf of August Jackson are long-term clients of August Jackson with multi-million dollar accounts.

28. Matthew Williams was one of the August Jackson employees assigned to McDonald's team. Mr. Williams is a highly-talented young creative director. He was critical to the August Jackson account team.

29. On or about March 19, 2014, McDonald and Kindle, as co-plaintiffs, filed two lawsuits against August Jackson seeking to invalidate the restrictive covenant provisions in the 2006 Agreement and the Shareholders Agreement. The first lawsuit, a Demand for Arbitration (the "Arbitration Demand") filed with the American Arbitration Association, seeks a declaration that the restrictive covenants contained in the 2006 Agreement and the Shareholders Agreement are unenforceable.

30. The Arbitration Demand identifies five specific clients of August Jackson by name and argues that the restrictive covenants cannot be enforced with respect to these clients. Plaintiffs made no attempt to seal the Arbitration Demand or otherwise protect the confidentiality of the August Jackson client names included in the Arbitration Demand.

31. The Arbitration Demand makes no specific reference to the restrictive covenants in the 2006 Agreement and the Shareholders Agreement that prohibit McDonald from directly or indirectly soliciting for employment or hiring August Jackson's employees.

32.     Kindle is not a party to the Shareholders Agreement and therefore is not a proper party to the Arbitration Demand.   August Jackson has no obligation to arbitrate anything with Kindle.

33.     On March 19, 2014, Defendants also filed an action against August Jackson in the Circuit Court for Cook County, Illinois (the "Cook County action") in "the event the court determines the matter [regarding enforceability of the restrictive covenants] is not arbitrable."   In the Cook County action, Defendants also seek a declaration that McDonald is not bound by the restrictive covenants contained in the Shareholder Agreement and 2006 Agreement because the covenants are   "not enforceable."

34.     On March 25, 2014, less than a week after McDonald and Kindle filed the two lawsuits, Mr.  Williams left his employment with August Jackson and started a job at Kindle's offices in Chicago.

35.     On information and belief, McDonald was involved in Kindle's recruiting and hiring of Williams, in direct violation of the 2006 Agreement and the Shareholders Agreement.

36.     On April 4, 2014, counsel for August Jackson sent a letter to counsel for McDonald and Kindle asking both defendants to confirm that they had not to date breached their obligations under the applicable restrictive covenants and to affirm that that they would refrain from doing so until the lawsuits were judicially resolved.  Counsel for McDonald and Kindle replied to the letter, but did not convey such confirmations and

affirmations, instead suggesting that the defendants would act in a manner consistent with their position that the restrictive covenants are unenforceable.

37.     The timing of the lawsuits filed by McDonald and Kindle, and the hiring of Mr. Williams, is strategic. McDonald and Kindle seek to lure away August Jackson's clients by hiring away August Jackson's creative team – in breach of the restrictive covenants – so that that team can participate on behalf of Kindle in various upcoming client proposal cycles. Some of those client proposal cycles will occur prior to the expiration of McDonald's 12-month restricted period.

38.     McDonald and Kindle seek to obtain an unfair advantage in securing work from August Jackson's clients by recruiting August Jackson's team members in violation of the restrictive covenants.

39.     Having already breached the restrictive covenants in the recruitment and hiring of Mr. Williams, McDonald and Kindle are poised to breach (or already have breached) those covenants by having McDonald solicit and, they hope, perform work for August Jackson's clients, and by using August Jackson's confidential and proprietary information for such purposes.

40.     McDonald's ability to earn a living would not be unduly burdened by complying with the restrictive covenants for the approximately seven months remaining in his 12-month restricted period. This is especially true because McDonald has full-time employment with Kindle at a salary that is substantially higher than his last salary at August Jackson.

## COUNT ONE - DECLARATORY JUDGMENT – 2006 AGREEMENT
### (All Defendants)

41.     August Jackson incorporates by reference the allegations contained in paragraphs 1 through 40 as if fully set forth herein.

42.     August Jackson seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 for the purpose of determining a question of actual controversy between the parties.

43.     August Jackson maintains that the restrictive covenants set forth in the 2006 Agreement are valid and enforceable restrictions on McDonald's activities following termination of his employment.

44.     McDonald and Kindle have both repudiated the enforceability of these covenants by filing the Arbitration Demand and the Cook County action.  Contrary to Defendants' assertions in those cases, venue regarding the enforceability of the 2006 Agreement does not lie in either AAA or Cook County, Illinois.  Instead, as is set forth in the 2006 Agreement, venue lies in Washington, D.C.

45.     Defendants have created an actual case or controversy by breaching and challenging the enforceability of the provisions of the 2006 Agreement.

46.     There accordingly exists an actual controversy of a practical issue between August Jackson and Defendants within the jurisdiction of this Court involving the enforceability of the restrictive covenants in the 2006 Agreement.

WHEREFORE, Plaintiff The August Jackson Company demands as follows:

A.     That this Court determine and adjudicate the rights and obligations of the parties with respect to the 2006 Agreement;

- 11 -

B.      That this Court find and declare that the restrictive covenants in the 2006 Agreement are valid and enforceable against Defendant Michael McDonald;

C.      That this Court find,  declare and order that Defendant Michael McDonald shall not:

1.      perform for a twelve (12) month period any services for an actual or prospective client of August Jackson at the time of McDonald's termination, or any actual or prospective client during the twelve (12) month period before termination;

2.      directly or indirectly solicit for a twelve (12) month period actual or prospective clients of August Jackson at the time of McDonald's termination, or any actual or prospective client during the twelve (12) month period before termination; or

3.      directly or indirectly solicit or induce any employee of August Jackson to cease employment with August Jackson or solicit for employment or offer employment to any employee of August Jackson for a period of twelve (12) months after termination; and

D.      That this Court award Plaintiff The August Jackson Company its reasonable attorneys' fees and expenses incurred in the enforcement of the 2006 Agreement.

## COUNT TWO - BREACH OF THE 2006 AGREEMENT
### (Michael McDonald)

47.     August Jackson incorporates by reference the allegations contained in paragraphs 1 through 46 as if fully set forth herein.

3148440.1  35482/123852  04/04/2014

48.     The 2006 Agreement between McDonald and August Jackson prohibits McDonald from directly or indirectly soliciting or inducing any employee to cease employment with August Jackson or solicit for employment or offer employment to any employee of August Jackson for a period of twelve (12) months after termination.

49.     On March 25, 2014, just days after Defendants filed their lawsuits, August Jackson employee Matthew Williams left his employment at August Jackson and began working for Kindle.  On information and belief, McDonald directly or indirectly solicited Williams in breach of the 2006 Agreement.  McDonald did so to gain a competitive advantage over August Jackson with respect to certain client accounts that Williams and McDonald worked on together while at August Jackson.

50.     McDonald has breached the terms of the 2006 Agreement by identifying specific clients of August Jackson in the Arbitration Demand without making any attempt to seal or otherwise maintain the confidentiality of such client identities.  Paragraph five of the 2006 Agreement expressly prohibits the use or disclosure of any confidential information for any purpose following McDonald's termination, and expressly defines "client lists" as confidential information.  By identifying clients of August Jackson in his filing, McDonald has breached this term of the 2006 Agreement.

51.     August Jackson has suffered damages as a result of McDonald's breaches of the 2006 Agreement.

WHEREFORE, Plaintiff The August Jackson Company, by its attorneys, hereby demands judgment against Defendant Michael McDonald in an amount to be proven at

- 13 -

trial, but not less than Seventy Five Thousand Dollars ($75,000), plus reasonable attorneys' fees, interest and costs.

### COUNT THREE - SPECIFIC PERFORMANCE OF THE SHAREHOLDERS AGREEMENT
### (Michael McDonald)

52.     August Jackson incorporates by reference the allegations contained in paragraphs 1 through 51 as if fully set forth herein.

53.     The Shareholders Agreement contains restrictive covenants that, in summary, prohibit McDonald, for a period of twelve (12) months post-employment termination, from directly or indirectly 1) providing services to actual or prospective clients of August Jackson; 2) soliciting actual or prospective clients of August Jackson; and 3) soliciting August Jackson employees for employment.

54.     On information and belief, McDonald has breached the terms of the Shareholders Agreement by soliciting Matthew Williams for employment at Kindle.  On further information and belief, McDonald has or is planning to solicit and/or provide services to August Jackson clients in breach of the Shareholders Agreement.

55.     The Shareholders Agreement requires that disputes arising under it be submitted to arbitration except when the relief sought is specific performance.

WHEREFORE, Plaintiff The August Jackson Company requests that this Court enter a permanent injunction and an order of specific performance requiring Defendant Michael McDonald to comply with the restrictive covenants set forth in the Shareholders Agreement.

3148440.1  35482/123852  04/04/2014

## COUNT FOUR - TORTIOUS INTERFERENCE WITH CONTRACT
### (Kindle Communications, LLC)

56.     August Jackson incorporates by reference the allegations contained in paragraphs 1 through 55 as if fully set forth herein.

57.     Both the 2006 Agreement and the Shareholders Agreement, in summary, prohibit McDonald from, for a period of twelve (12) months post-employment termination, directly or indirectly: 1) providing services to actual or prospective clients of August Jackson; 2) soliciting actual or prospective clients of August Jackson; and 3) soliciting for employment or hiring August Jackson employees.

58.     As is evidenced by the lawsuits it filed with McDonald, Kindle is aware of these agreements and the obligations they impose on McDonald.  Indeed, Kindle attached copies of these agreements to its pleadings in the lawsuits.

59.     Kindle has intentionally induced McDonald into breaching the covenants set forth in those agreements through McDonald's direct or indirect solicitation and hiring of Mr. Williams.

60.     As is further evidenced by the lawsuits, and the responses from McDonald and Kindle to August Jackson's requests that they abide by the terms of the agreements, Kindle has induced McDonald into breaching and planning further breaches of those covenants that relate to the performance of work for, and the solicitation of, actual and prospective clients of August Jackson.

3148440.1 35482/123852 04/04/2014

61.    August Jackson has been harmed by Kindle's tortious interference with August Jackson's contracts with McDonald, namely, both the 2006 Agreement and the Shareholders Agreement.

WHEREFORE, Plaintiff The August Jackson Company, by its attorneys, hereby demands judgment against Defendant Kindle Communications, LLC in an amount to be proven at trial, but not less than Seventy Five Thousand Dollars ($75,000), plus reasonable attorneys' fees, interest and costs.

/s/ George F. Ritchie.
George F. Ritchie
Federal Bar No.:  MD22408

Gordon Feinblatt LLC
The Garrett Building
233 East Redwood Street
Baltimore, Maryland  21202
410/576-4131
gritchie@gfrlaw.com

Attorney for Plaintiff
    The August Jackson Company

- 16 -